```
               UNITED STATES DISTRICT COURT FOR THE
                  MIDDLE DISTRICT OF PENNSYLVANIA


JAMES ANTHONY LAWRENCE,            :
                                   :
               Petitioner          :    No. 4:CV-06-2035
                                   :
          vs.                      :    (Petition Filed 10/17/06)
                                   :
WARDEN K. HOGSTEN, Warden,         :    (Judge Muir)
                                   :
               Respondent          :
```

**ORDER**

March 23, 2007

Petitioner, James Anthony Lawrence, a federal inmate incarcerated at the Federal Correctional Institution, Allenwood, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  He challenges the Bureau of Prisons ("BOP") interpretation of 18 U.S.C. § 3624(b) in the award of his good time credit per year.  In addition, petitioner claims that the BOP is erroneously basing the award of Good Conduct Time ("GCT") credit against his federal sentence on the time he actually served, rather than on the length of his sentence.  On November 24, 2006, the respondent was ordered to show cause why the writ should not be granted.  (Doc. No. 4).

Responses to the petition were filed on December 14, 2004[1], and January 26, 2007. (Doc. Nos. 5, 6). No traverse has been filed. The petition is ripe for disposition, and, for the following reasons, will be denied.

## I. Background

On October 9, 2001, Lawrence was sentenced in the United States District Court for the Middle District of Florida to a 189-month term of imprisonment, followed by a 5-year term of supervised release, for possession with intent to distribute approximately 5.1 grams and 43 grams of cocaine base, in violation of 21 U.S.C. §841(a)(1). (Doc. 6, Ex. A at ¶4). Lawrence was committed to FCI-Allenwood on May 12, 2006. Id. at ¶ 5. As of December 4, 2006, he has earned 297 days of GCT and is projected to earn another 420 days. His projected release date is August 29, 2014, via good time credit release. Id.

## II. Discussion

The respondent seeks dismissal of the petition based on

---

[1] The response filed with this Court's electronic docketing system on December 14, 2006, did not contain all the pages of a complete response. (Doc. No. 6). Thus, on January 26, 2007, respondents electronically filed a complete response. (Doc. No. 6).

2

the petitioner's failure to exhaust the administrative remedies that are available to him. The Court has authority under 28 U.S.C. § 2241 to review a BOP's sentence calculation, but may do so only after the petitioner has exhausted his administrative remedies against the BOP. United States vs. Wilson, 503 U.S. 329 (1992); Moscato vs. Federal Bureau of Prisons, 98 F.3d 757 (3d Cir. 1996); United States vs. Brann, 990 F.2d 98 (3d Cir. 1993).

The BOP has established an administrative remedy procedure, which is set forth at 28 C.F.R. §§ 542 et seq., whereby a federal prisoner may seek formal review of any aspect of his imprisonment. Inmates must first informally present their complaints to staff, and staff shall attempt to informally resolve any issue before an inmate files a request for administrative relief. 28 C.F.R. § 542.13(a). If unsuccessful at informal resolution, the inmate may raise his complaint with the warden fo the institution where he is confined. Id. at § 542.14(a). If dissatisfied with the response, he may then appeal an adverse decision to the Regional Office and the Central Office of the BOP. Id. at §§ 542.15(a) and 542.18. "No administrative remedy appeal is considered to have been fully

and finally exhausted until it has been denied by the Bureau of Prison's Central Office." (Doc. 6, Ex. A, Declaration of Joseph McCluskey, Senior Attorney, FCI-Allenwood, ¶ 8).

On December 4, 2006, a search of Lawrence's records was conducted to determine whether he had exhausted available administrative remedies regarding the issues raised in his petition. Id. at ¶ 10. This review revealed that Lawrence had not exhausted available administrative remedies prior to filing the instant habeas action. Id. Specifically, the records demonstrate that Lawrence has not filed any administrative remedies documents while he has been in the custody of the BOP. Id. at ¶ 11. Accordingly, the petitioner has failed to exhaust available administrative remedies prior to filing this habeas corpus action with the court. Id. at ¶¶ 10, 11.

Petitioner concedes that he has not exhausted his administrative remedies and attempts to argue that such attempt would be futile. (See Doc. No. 1). The Court, however, is unpersuaded by petitioner's futility argument. While it is recognized that "prisoners need not exhaust administrative remedies if such attempts would be futile and nothing would be gained by further delay of judicial determination of the

4

questions presented," there is nothing in the record to support petitioner's conclusory statement that exhaustion would be futile in this case.  See Rose vs. Lundy, 455 U.S. 509, 516n.7 (19820(exhaustion of state remedies not required where futile). Accordingly, the petition will be denied for failure to exhaust administrative remedies.

**IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus is **DENIED**.
2. The Clerk of Court is directed to **CLOSE** this case.

s/Malcolm Muir
MUIR
United States District Judge